<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 14, 2020

Adam K. Axel, Esq.
Office of the Federal Public Defender
1002 Broad Street
Newark, NJ 07102
*Counsel for Defendant*

Ailyn Abin, Esq.
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102
*Counsel for the United States of America*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

      **Re:**    ***United States v. Henries***
            **Criminal Action No. 00-788 (SDW)**

Counsel:

      Before this Court is Defendant Edward John Henries' ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

**<u>DISCUSSION</u>**

A.

      Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crimn. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

      (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion
      of the defendant after the defendant has fully exhausted all administrative rights to
      appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

1

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).[1]  As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied 1) the procedural prerequisites for judicial review, and 2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2 (citing 18 U.S.C. § 3582(c)(1)(A)).

B.

On October 3, 2002, a jury found Defendant guilty of conspiracy to possess with intent to distribute heroin and cocaine as well as heroin possession in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).  (D.E. 129 at 4 (citing D.E. 80.))  On January 31, 2003, the Honorable John C. Lifland, former Senior Judge, sentenced Defendant to 280 months of imprisonment and five years of supervised release.  (*Id.* (citing D.E. 85.))  Defendant is currently serving his sentence at Moshannon Valley Correctional Facility ("MVCF") in Philipsburg, Pennsylvania.  (D.E. 127 at 2 (citing D.E. 127-1, Ex. 1 ("Def's Ltr to Warden Oddo")).)  Defendant has served approximately 217 months of his sentence, and, as a native of Liberia, is scheduled to be detained by United States Immigration and Customs Enforcement ("ICE") upon his release.  (D.E. 129 at 3 (citing D.E. 129-1, Ex. A ("Immigration Detainer")); *see* D.E. 129-6, Ex. F.)

On June 26, 2020, counsel for Defendant submitted a supplemental brief (*see* D.E. 127) to Defendant's *pro se* submission for compassionate release under the FSA dated April 17, 2020 and docketed on May 15, 2020.  (*See* D.E. 125.)  Defense counsel filed an administrative relief request to MVCF's warden on May 26, 2020.  (*See* Def's Ltr to Warden Oddo.)  On the same day, MVCF's warden responded to a prior letter, also purportedly submitted by Defendant's counsel on May 8, 2020, denying Defendant's request for compassionate release or home confinement.  (D.E. 129-5,

---

[1] The Sentencing Commission's Policy Statement identifies four categories of "extraordinary and compelling reasons," including: (A) the defendant's medical condition; (B) the defendant's age of at least 65-years combined with "serious deterioration in physical or mental health because of the aging process" when he or she "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;" (C) the defendant's unique family circumstances pertaining to caregivers of the defendant's minor children or spouse; or (D) other extraordinary and compelling reasons "other than, or in combination with, the reasons described" in the prior provisions.  U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, cmt. n.1 (A)–(D).  The Policy Statement further defines medical conditions as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, cmt. n.1 (A)(i)–(ii).

2

Ex. E at 2–3.)  The Government filed opposition to the present motion on August 7, 2020 (D.E. 129.)

In sum, Defendant contends that "extraordinary and compelling reasons" warrant his release because he suffers from a "chronic medical condition, [h]epatitis B," which consequently places him "at 'high risk' of severe illness and/or death if he contracts COVID-19." (D.E. 127 at 2–3.)  Defendant also asserts that his sentence is nearly complete, and he poses a low security risk; thus, in light of COVID-19, Defendant argues that his release comports with applicable factors set forth in 18 U.S.C. § 3553(a).  (*Id.* at 2, 7.)

C.

This Court finds that Defendant has not established any "compelling and extraordinary reason" to justify his release as required by the FSA.  *See Epstein*, 2020 WL 1808616, at *2.  Significant here, no inmate at MVCF has tested positive for COVID-19.  (D.E. 129 at 10 (citing 129-3, Ex. C, Oddo Decl. ¶ 3.))  As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Even in the context of the COVID-19 pandemic and a hepatitis B diagnosis, Defendant's medical condition does not fall into any category of "extraordinary and compelling reasons" listed in the Sentencing Commission's applicable policy statement to justify release.  *See* U.S.S.G. § 1B1.13, cmt. n.1 (A)–(D).  Notably, Defendant is being monitored for his hepatitis B at MVCF, further supporting a finding that "extraordinary and compelling" reasons are not found here.  (*See* D.E. 129-2, Ex. B (noting, in Defendant's medical records, that his hepatitis B remained unchanged and was under good control as of April 2020)); *see, e.g.*, *Wilson v. United States*, Crim. No. 11-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020) (denying motion for compassionate release where defendant's "[h]epatitis B appear[ed] to be well controlled," noting that when unaccompanied by serious medical complications, hepatitis B alone does not amount to a compelling and extraordinary reason to justify release); *United States v. Ram*, Crim. No. 13-50045, 2020 WL 3100837, at *2–3 (W.D. Ark. June 11, 2020).

In addition, guidance from the Centers for Disease Control and Prevention ("CDC") states that while people with liver disease[2] "***might be*** at higher risk for severe illness from COVID-19," it has "no information about whether people with hepatitis B . . . are at increased risk for getting COVID-19 or having severe COVID-19."  CDC, *What to Know About Liver Disease and COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html  (last accessed Aug. 13, 2020) (emphasis added).  Moreover, hepatitis B is not listed on the CDC's list of medical conditions that place individuals at increased risk for severe illness from COVID-19.  *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Aug. 13, 2020).

---

[2] The parties appear to agree that hepatitis B is considered a liver disease.  (*See* D.E. 127 at 2–3; D.E. 129 at 18.)

This is consistent with the findings of other courts.  *See, e.g.*, *United States v. Rodriguez*, Crim. No. 17-618, 2020 WL 3447777, at *3 (E.D. Pa. June 24, 2020) ("We have also found no cases in which a court has found a hepatitis B diagnosis to provide a sufficient medical basis for a compassionate release request."); *see also United States v. Roden*, Crim. No. 16-069, 2020 WL 3871168, at *3 (W.D. Va. July 9, 2020) (finding that defendant's hepatitis C, which was reportedly "managed at a functionally acceptable level," did not contribute to "a combination of medical issues or even one of the enumerated serious conditions set forth in the CDC guidelines" to warrant release); *Wilson v. United States*, 2020 WL 3315995, at *3; *United States v. Ram*, 2020 WL 3100837, at *2–3.

This Court also considers the factors set out in 18 U.S.C. § 3553(a) when determining whether to grant a sentence reduction.[3]  In doing so, this Court notes that Defendant is a repeat offender, served as the leader of the drug ring that is the subject of his current sentence, and received a sentence in the middle of the guideline range.  (*See* D.E. 129 at 11–12, 23–24 (citing D.E. 129-4, Ex. D, Defendant's Pre-sentence Investigation Report ¶¶ 56–69)).  Given these points, this Court finds that reducing Defendant's sentence would not properly "reflect the seriousness of the offense," "afford adequate deterrence to criminal conduct," or "protect the public from further crimes of the defendant."[4]  18 U.S.C. § 3553(a)(2).

This Court is sympathetic to Defendant's medical concerns regarding possible complications caused by COVID-19.  However, speculation about what may or may not occur at some point in the future does not constitute a "compelling and extraordinary" reason for release.  This Court is therefore satisfied that release is not warranted.

---

[3] Here, the following § 3553(a) factors are applicable to this Court's analysis:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a)(1), (a)(2).

[4] Moreover, it is not apparent that future custody in an ICE facility, where Defendant is likely to be released (*see* Immigration Detainer), would provide him with a safer environment as it relates to COVID-19.  *See  United States v. Prelaj*, Crim. No. 16-055, 2020 WL 3642029, at *3 (S.D.N.Y. July 6, 2020) ("By granting [defendant's] motion for compassionate release, the Court would likely be *increasing* his chances of contracting COVID-19, since release from his federal sentence would likely result in [defendant's] transfer to a different, and presumably less healthy, immigration facility due to his immigration detainer."); (*see also* D.E. 125 at 2 (conceding that "Defendant is a deportable alien that [] more than likely will be deported.")

**CONCLUSION**

Defendant's Motion for Compassionate Release is **DENIED** without prejudice.   An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties